JOHN GOREE v. THE STATE.

No. 14239.    Delivered April 15, 1931.

The opinion states the case.

*Thos. G. Binkley,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, four years in the penitentiary.

This is rather a peculiar case. Appellant and some other parties were engaged in a game of cards out in the woods. Appellant's sixteen year old son was present, but seems not to have engaged in the game. Mr. George, the alleged injured party, was constable. He observed the card game in progress, and after some time approached the parties and made a remark about their having selected a cool place. They scrambled to conceal the cards and money. There is some evidence of some of the parties having had intoxicating liquor. Some words passed between Mr. George and the young son of appellant, and a difficulty ensued in which Mr. George was cut with a knife, the cut inflicting a wound some three and one-half inches long on the left breast. There seems no question but that the knife which inflicted the cut was in the hands of appellant. The testimony for the state tended to show that the assault upon the officer was unprovoked on the part of appellant. The defensive testimony was that the officer threw his hand upon his pistol while engaged in a wordy discussion with appellant's son, and believing the officer was about to shoot the boy appellant drew his knife and struck the officer with it.

Appellant urges very strongly the insufficiency of the testimony. In view of the fact that we are of opinion the case should be reversed for reasons hereinafter set forth, we express no opinion about the testimony further than to say that in the condition the record is before us there is some doubt as to the sufficiency of the testimony to show the deadly character of the knife used by appellant. There is no testimony as to the length of its blades or its size. In fact what we deem to be the chief reason for a reversal of this case turns upon said knife.

The sheriff of the county took the witness stand for the state and produced a knife which he said was handed to him by Ottie Keel,— shown by other evidence to be one of the parties present at the difficulty. The sheriff testified that he had had this knife in his possession since he had obtaind it from Keel. The state then introduced Mr. Keel, who testified that he was present at the difficulty but did not see the blow struck inflicting the cut upon Mr. George, but that he did see appellant's son have a knife in his hand immediately after the cutting, which knife witness took into his possession and later gave it to Mr. George, the injured party. Mr. George testified that the knife used by appellant passed into the possession of Ottie Keel and was given by Ottie Keel to the sheriff. Appellant's son said he had no other knife except the one used by his father. The knife referred to by the sheriff and produced by him was introduced in evidence and was before the jury. Appellant on

the witness stand in his own behalf testified denying that the knife used by him was the knife produced by the sheriff, but swore that the knife he had and used was a smaller knife than this one.

Dr. Griffin for the state testified as to the character of wound inflicted upon George, but at no time did he say that it was serious. However he did say that the knife shown him was such weapon as that death could be inflicted by its use. In his charge to the jury the court told them that if one made an assault upon another with a deadly weapon under such circumstances and in such manner as evinced an intent to kill him, etc., they should find appellant guilty.

In connection with his motion for new trial appellant presented the affidavit of the sheriff in which he said that he was mistaken in his testimony in this case when he produced before the jury a knife which he said was the one given him by Ottie Keel. He further said in his affidavit that the knife produced by him was not said knife. It also appears that there was some discussion in the jury room that appellant claimed the knife used by him not to be the knife produced by the sheriff in order to try to make it appear to the jury that the knife used by him was in fact a smaller knife.

Taking into consideration the above facts, in view of the fact that appellant was not given the lowest penalty, and that the knife exhibited before the jury and by their trusted sheriff identified substantially as the one used by appellant is now shown not to be that knife, it seems to us that these facts necessitate a reversal of this case, and that it be sent back for a trial in which the identity of the knife may be correctly stated and put before the jury to the end that they may be better informed whether the knife actually used by appellant was in fact a deadly weapon.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*